# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN (DUBUQUE) DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO.  24CR1038** |
| | ) | |
| **vs.** | ) | **SENTENCING BRIEF** |
| | ) | |
| **CHRISTOPHER ALLEN PUCCIO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

COMES NOW the defendant, Christopher Puccio, by and through counsel John D. Jacobsen, and states the following in support of the Sentencing Memorandum regarding Defendant's Objection to Paragraph 20 of the Presentence Report:

## ISSUE

Is the instant offense of conviction, "Conspiracy to Distribute a Controlled Substance" in violation of 21 U.S.C. §841(b)(1)(A) and 21 U.S.C. §846, a controlled substance offense for purposes of application of the Career Offender guideline within the United States Sentencing Guidelines?

## LAW

"The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or (2) is an offense described in 46 U.S.C. §70503(a) or §70506(b)." U.S.S.G. §4B1.2(b) (2025). "The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. §4B1.2(d) (2025).

Counsel acknowledges the controlling precedent of the Eighth Circuit Court of Appeals, *United States v. Mendoza-Figuera,* 65 F.3d 691 (8th Cir. 1995) (en banc) that binds this Honorable Court as to this discussion. Further, Counsel acknowledges that the concern with inchoate offenses was addressed in 2024 with addition of U.S.S.G. §4B1.2(d).

FACTS

Chris Puccio (hereinafter "Chris") entered a guilty plea on July 21, 2025, to Count I of the Second Superseding Indictment as had been previously filed on June 26, 2025. *See* Doc. 110, para. 1. Through counsel, Chris filed a Notice of Intent to Enter Guilty Plea on July 11, 2025. Doc. 69. On July 21, 2205, Chris formerly entered his guilty plea, before Judge Mark Roberts; at the time of the plea hearing

the Government offered the plea agreement of the parties, and without objection from undersigned accepted the exhibit and the plea itself. Doc. 72, 73 and 76. On August 5, 2025, Judge CJ Williams accepted Judge Mark Roberts *Report and Recommendation to Accept Guilty Plea to Count I* and formally entered the plea upon the records of the Court. Doc. 85.

A *Draft* Presentence Report (hereinafter "*Draft* PSIR") was filed on September 12, 2025. Doc. 101. Prior to expiration of the fourteen-day window to object to the content of the *Draft* PSIR, counsel filed and was granted an extension of the deadline until and including October 10, 2025. Doc. 104, 105; *see also* Fed. R. Crim. P. 32(b)(2). Within the Objections to the *Draft* PSIR, filed on October 8, 2025, Chris lodged a formal objection to the instant offense being classified a 'controlled substance offense'. *See* Doc. 108. To preserve any objection to content of the *Draft* PSIR, objections must be made within fourteen (14) days, absent an extension. Fed. R. Crim. P. 32(f). Chris has appropriately and timely preserved this issue for litigation at the time of sentencing.

WHEREFORE Counsel for the Defendant submits this Sentencing Brief in Support of the Sentencing Memorandum of the Defendant, and as noted in associated Sentencing Memorandum.

RESPECTUFLLY SUBMITTED,

/s/*John D. Jacobsen*
John D. Jacobsen, #19817
Jacobsen Johnson & Wiezorek
425 2nd Street SE, Suite 803
Cedar Rapids, IA 52401
(319) 286-1767
(319) 286-1137
**ATTORNEY FOR DEFENDANT**
jjacobsen@jjwlegal.com

copy to:  AUSA Edwards, (CM/ECF), Client (US MAIL)
I certify that on this 2nd day of January, 2026, the
foregoing was filed electronically via CM-ECF, and
copies were sent to all parties of record. */s/ John D. Jacobsen*