IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-CR-01038-CJW-003 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER ALLEN PUCCIO, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO
FILE SUPPLEMENTAL OBJECTIONS TO PRESENTENCE
INVESTIGATION REPORT</u>**

After the final presentence investigation report (PSR) was issued in this case, defendant attempted to escape from the Linn County Correctional Center (LCCC). The Court should grant the government leave to file supplemental objections to the PSR, specifically, objections related to the PSR's failure to apply the two-level enhancement for obstruction of justice under USSG §3C1.1 and to the PSR's recommendation for the three-level reduction for acceptance of responsibility under USSG §3E1.1.

## I. BACKGROUND

On September 12, 2025, the United States Probation Office (USPO) issued the draft PSR in this case. (Doc. 101.) On September 19, 2025, the government provided notice that it had no objections to the draft PSR. (Doc. 103.) On October 8, 2025, defendant filed objections to the draft PSR. (Doc. 108.) On October 9, 2025, the USPO issued the final PSR. (Doc. 110.) The final PSR

1

recommended no adjustment for obstruction of justice, and three levels off for acceptance of responsibility under USSG §3E1.1.  (Doc. 110, at 7-8.)

On October 10, 2025, the Court scheduled the sentencing hearing in this case for January 9, 2026.  (Doc. 111.)  On January 6, 2026, defendant filed an unresisted motion to continue the sentencing hearing.  (Doc. 130.)  The Court granted defendant's motion, and it continued the hearing to February 13, 2026.  (Doc. 131.)  On January 7, 2026, the Court rescheduled defendant's sentencing hearing to March 6, 2026.  (Doc. 132.)  On March 3, 2026, defendant filed an unresisted motion to continue the sentencing hearing.  (Doc. 139.)  The Court granted defendant's motion, and it continued the hearing to May 8, 2026.  (Doc. 141.)  On April 23, 2026, the Court rescheduled defendant's sentencing hearing to May 5, 2026.  (Doc. 151.)

On April 30, 2026, the government learned from an inmate at the LCCC (hereinafter referred to as "inmate") that defendant had a plan to escape from the LCCC.  Specifically, defendant told the inmate that, while he was housed in cell B14 on the fourth floor of the LCCC, defendant used a "makeshift" tool to remove the grout from cinderblocks from under the window in the cell.  Defendant told the inmate that he had used a toilet paper and toothpaste mixture to "replace" the grout and cover up his progress.  While defendant was no longer housed in B14, defendant told the inmate that he intended to do everything he could to be placed back in the B-unit so that he could finish his work of removing the grout and escape from the LCCC.

After speaking with the inmate, law enforcement searched cell B14, and they discovered that grout had in fact been removed from one of the cinderblocks under the window in the cell and replaced with a toilet paper substance.

 

Law enforcement also discovered the "makeshift" tool that defendant had used to remove the grout.



While defendant did not occupy cell B14 at the time of the search, defendant had previously occupied the cell from September 6, 2025, to December 21, 2025, and from January 11, 2026, to February 24, 2026.

On May 4, 2026, the government filed an unresisted motion to continue defendant's sentencing hearing based upon the government's investigation into defendant's attempted escape. (Doc. 154.) The Court granted the government's motion, and it continued the hearing to June 30, 2026. (Doc. 155.)

## II.   ANALYSIS

Rule 32(f) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections . . . contained in or omitted from the report." "The reason for the fourteen-day filing requirement is 'so that the objections can be addressed and investigated prior to the sentencing hearing.'" *United States v. May*, 413 F.3d 841, 849 (8th Cir. 2005) (quoting *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995)) (emphasis omitted). The district court, however, "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D).

Here, the government has established good cause for its supplemental objections. The government's proposed supplemental objections relate to newly discovered conduct by defendant—his attempted escape from the LCCC—that amounts to obstruction of justice. Defendant's attempted escape happened after the final PSR was issued in this case, and it was not discovered by the government until over six months after the final PSR was issued. Defendant has been on notice that the government was investigating the attempted escape since at least May 4, 2026, when the government moved to continue the sentencing hearing. The government

4

has been diligently investigating this matter, and, after the government obtained all of the discovery, it provided it to defendant on June 15, 2026.

## III.  CONCLUSION

For the reasons stated above, the Court should grant the government leave to file supplemental objections to the PSR.

Respectfully submitted,

LEIF OLSON
United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA  52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
dillan.edwards@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on June 23, 2026 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.
UNITED STATES ATTORNEY
BY: /s/  DRE