IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-CR-01038-CJW-003 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER ALLEN PUCCIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS SUPPLEMENTAL
SENTENCING MEMORANDUM**

Defendant attempted to escape from the Linn County Correctional Center (LCCC), and the Court should impose the two-level upward adjustment under USSG §3C1.1 for obstruction of justice. Defendant must also prove that he is entitled to a reduction for acceptance of responsibility under USSG §3E1.1.

## I. FACTS

On April 30, 2026, the government learned from an inmate at the LCCC (hereinafter referred to as "inmate") that defendant had a plan to escape from the LCCC. Specifically, defendant told the inmate that, while he was housed in cell B14 on the fourth floor of the LCCC, defendant used a "makeshift" tool to remove the grout from cinderblocks from under the window in the cell in an attempt to escape from the LCCC. Defendant told the inmate that he had used a toilet paper and toothpaste mixture to "replace" the grout and cover up his progress. While defendant was no longer housed in B14, defendant told the inmate that he intended

1

to do everything he could to be placed back in the B-unit so that he could finish his work of removing the grout and escape from the LCCC.

After speaking with the inmate, law enforcement searched cell B14, and they discovered that grout had in fact been removed from one of the cinderblocks under the window in the cell and replaced with a toilet paper substance.  (Exhibit 1, at 1-7.)  Law enforcement also discovered the "makeshift" tool that defendant had used to remove the grout.  (Exhibit 1, at 8-9.)

While defendant did not occupy cell B14 at the time of the search, defendant had previously occupied the cell from September 6, 2025, to December 21, 2025, and from January 11, 2026, to February 24, 2026.

## II.    ARGUMENT

### A. The Court Should Find that Defendant Obstructed Justice

Section 3C1.1 of the guidelines provides for a two-level upward adjustment

> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

One of the examples that the guidelines provide for the type of conduct to which the upward adjustment applies is "escaping or attempting to escape from custody before trial or sentencing[.]"  USSG §3C1.1 comment. (n.4(E)).

Here, the Court should find that defendant attempted to escape from the LCCC by using a makeshift tool to remove the grout around a cinderblock under the window of the cell he occupied, and therefore the Court should find that the

2

two-level upward adjustment applies.  If the Court, however, finds that defendant s a career offender, then the upward adjustment will not affect the total offense level since the offense level is higher under the career offender guidelines.

### B. Defendant Has the Burden of Establishing that He Has "Clearly Demonstrated" Acceptance of Responsibility

Defendant has the burden to establish that he has "clearly demonstrated" entitlement to a reduction under USSG §3E1.1 for acceptance of responsibility. *United States v. Smith*, 145 F.4th 862, 870 (8th Cir. 2025).  The guidelines state that

> [c]onduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.

USSG §3E1.1 comment. (n.4).  To determine whether a case is "extraordinary," the district court should take into account the totality of the circumstances, including the nature of the defendant's obstructive conduct, the degree of the defendant's acceptance of responsibility, whether the obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution, and whether the defendant voluntarily terminated his obstructive conduct or whether the conduct was stopped involuntarily by law enforcement.  *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999).  "'A case is exceedingly unlikely to be extraordinary' where, as here, 'the defendant obstructs justice after pleading guilty.'" *United States v. Cullar*, 104 F.4th 686, 690 (8th Cir. 2024) (quoting *United States v. Sandoval*, 74 F.4th 918, 923 (8th Cir. 2023)).

3

Here, since he obstructed justice, defendant has the burden of establishing that this is an "extraordinary case" in which "adjustments under both §§3C1.1 and 3E1.1 may apply."

## III.   CONCLUSION

For the reasons stated above, the Court should impose the two-level upward adjustment under USSG §3C1.1 for obstruction of justice because defendant attempted to escape from the LCCC, and defendant has the burden of establishing a reduction under USSG §3E1.1 for acceptance of responsibility.

Respectfully submitted,

LEIF OLSON
United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA  52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
dillan.edwards@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on June 23, 2026 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.
UNITED STATES ATTORNEY
BY: /s/  DRE